[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action against Home Quality Headquarters, Inc. and one Lawrence Willette. The action is in breach of contract. The plaintiff has sued both of the parties. The complaint alleges that "the defendant, acting by its representative, Lawrence Willette, entered into an agreement . . ." The answer of the defendant Lawrence Willette admits that he was "acting as a representative of defendant, Home Quality Headquarters, Inc."
The defendant moves for summary judgment. The motion does not, on its caption or signature page, state which defendant so moves. Both defendants are represented by the same attorney. The body of the motion, however, clearly indicates that it is the individual, Willette, who so moves, claiming that the plaintiff did not contract with Willette individually. The defendant attaches the certificate of incorporation, and the contract signed by the plaintiff and by Lawrence Willette above the line "Company Representative". The plaintiff's check is made payable to "HFHO", and endorsed by the corporation.
The plaintiff claims that the complaint may be interpreted as an action based upon negligence. It is elementary that an agent may be personally liable for his own tortious acts which cause injury to another even though he is acting in the course of his employment.
The plaintiff further claims that there is an "identity of persons between the two named defendants." This concept may be referred to as a theory of alter ego, or more appropriately, a "piercing of the corporate veil". An inquiry of this nature requires a complex factual analysis of the relationship between an individual and the corporation, which information cannot be reasonably expected to be available to an outside person. The plaintiff should be given the opportunity to explore the relationship through the process of examination, and subpoena if appropriate, at trial. CT Page 13401
This court cannot conclude that on the basis of the information submitted there are no genuine questions of fact (Practice Book § 384). The motion for summary judgment is denied.
L. Paul Sullivan, J.